IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | | |
|---|---|---|
| **SAM GRIPPA** | ) | CASE NO. 2:10-CV-00064 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAVID L. BUNNING |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **ST. ELIZABETH MEDICAL CENTER,** | ) | **DEFENDANT'S, TRANSCARE OF** |
| **INC., ET AL.** | ) | **KENTUCKY, INC., ANSWER** |
| | ) | **TO PLAINTIFF'S COMPLAINT** |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

Defendant, Transcare of Kentucky, Inc. ("Transcare"), by and through counsel, submits its Answer to plaintiff's, Sam Grippa, Complaint as follows:

## PARTIES

1. Defendant, Transcare of Kentucky, Inc. ("Transcare"), is without sufficient information to admit or deny the allegations of paragraph 1 of plaintiff's Complaint.

2. With respect to the allegations contained in paragraph 2 of plaintiff's Complaint, Transcare admits that at all times relevant to this Complaint, St. Elizabeth Medical Center, Inc. and Transcare of Kentucky, Inc. were Kentucky corporations residing in and doing business in the Commonwealth of Kentucky, but deny that Transcare was an employer within the meaning of the applicable federal and Kentucky law.

## JURISDICTION AND VENUE

3. Transcare admits the allegations contained in paragraph 3 of plaintiff's Complaint.
4. Transcare denies the allegations contained in paragraph 4 of plaintiff's Complaint.
5. Transcare admits the allegations contained in paragraph 5 of plaintiff's Complaint.
6. Transcare admits the allegations contained in paragraph 6 of plaintiff's Complaint.
7. Transcare admits the allegations contained in paragraph 7 of plaintiff's Complaint.

8. Transcare admits that plaintiff filed a charge of discrimination with the EEOC, but is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 8 of plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9. Transcare denies the allegations contained in paragraph 9 of plaintiff's Complaint.
10. Transcare admits that plaintiff's most recent position was as President/CEO of KDC, but denies the remaining allegations contained in paragraph 10 of plaintiff's Complaint.
11. Transcare is without sufficient information to admit or deny the allegations contained in paragraph 11 of plaintiff's Complaint.
12. Transcare denies the allegations contained in paragraph 12 of plaintiff's Complaint.
13. Transcare is without sufficient knowledge to admit or deny whether plaintiff checked himself into a nine-week substance abuse rehabilitation program in October 2007, but specifically denies the remaining allegations contained in paragraph 13 of plaintiff's Complaint including, but not limited to, that he never worked under the influence.
14. Transcare is without sufficient information to admit or deny the allegations contained in paragraph 14 of plaintiff's Complaint.
15. Transcare denies the allegations contained in paragraph 15 of plaintiff's Complaint.
16. Transcare denies the allegations contained in paragraph 16 of plaintiff's Complaint.
17. Transcare is without sufficient information to admit or deny whether plaintiff relapsed in early 2008 or whether his close friend died, but denies the remaining allegations contained in paragraph 17 of plaintiff's Complaint including, but not limited to, that his addictions are a disability.
18. Transcare admits that plaintiff informed Judy Arnett, his subordinate, that he had an addiction and that she informed Marc Hoffman, but deny the remaining allegations contained in paragraph 18 of plaintiff's Complaint.
19. Transcare admits that Marc Hoffman told plaintiff that he would have to undergo a fitness for duty examination, but denies the remaining allegations contained in paragraph 19 of plaintiff's Complaint including, but not limited to, that he had already informed defendants of his disability and desire for treatment.
20. Transcare admits that plaintiff informed several Board members that he would test positive for marijuana, but denies the remaining allegations contained in paragraph 20 of

        plaintiff's Complaint including, but not limited to, plaintiff's assertion that he told the Board he did not think he would test positive for cocaine.

21. Transcare denies the allegations contained in paragraph 21 of plaintiff's Complaint.
22. Transcare admits the allegations contained in paragraph 22 of plaintiff's Complaint.
23. Transcare denies the allegations contained in paragraph 23 of plaintiff's Complaint.
24. Transcare denies the allegations contained in paragraph 24 of plaintiff's Complaint.
25. Transcare denies the allegations contained in paragraph 25 of plaintiff's Complaint.
26. Transcare denies the allegations contained in paragraph 26 of plaintiff's Complaint.
27. Transcare denies the allegations contained in paragraph 27 of plaintiff's Complaint.
28. Transcare denies the allegations contained in paragraph 28 of plaintiff's Complaint.
29. Transcare admits that plaintiff was terminated for testing positive for marijuana and cocaine metabolites, but denies the remaining allegations contained in paragraph 29 of plaintiff's Complaint.
30. Transcare denies the allegations contained in paragraph 30 of plaintiff's Complaint as there was no contract between plaintiff and Transcare.
31. Transcare denies the allegations contained in paragraph 31 of plaintiff's Complaint.

## COUNT I
### (Disability Discrimination and Retaliation – ADA)

32. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 31 of plaintiff's Complaint.
33. Transcare denies the allegations contained in paragraph 33 of plaintiff's Complaint.
34. Transcare denies the allegations contained in paragraph 34 of plaintiff's Complaint.
35. Transcare denies the allegations contained in paragraph 35 of plaintiff's Complaint.
36. Transcare denies the allegations contained in paragraph 36 of plaintiff's Complaint.
37. Transcare denies the allegations contained in paragraph 37 of plaintiff's Complaint.
38. Transcare denies the allegations contained in paragraph 38 of plaintiff's Complaint.
39. Transcare denies the allegations contained in paragraph 39 of plaintiff's Complaint.
40. Transcare denies the allegations contained in paragraph 40 of plaintiff's Complaint.

## COUNT II
### (Failure to Accommodate – ADA)

41. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 40 of plaintiff's Complaint.

42. Transcare denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43. Transcare denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44. Transcare denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45. Transcare denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46. Transcare denies the allegations contained in paragraph 46 of plaintiff's Complaint.

## COUNT III
### (Disability Discrimination and Retaliation – KRS Chapter 344)

47. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 46 of plaintiff's Complaint.

48. Transcare denies the allegations contained in paragraph 48 of plaintiff's Complaint and further asserts that the Ohio Revised Code is irrelevant to plaintiff's claims.

49. Transcare denies the allegations contained in paragraph 49 of plaintiff's Complaint.

50. Transcare denies the allegations contained in paragraph 50 of plaintiff's Complaint and further asserts that the Ohio Revised Code is irrelevant to plaintiff's claims.

51. Transcare denies the allegations contained in paragraph 51 of plaintiff's Complaint.

52. Transcare denies the allegations contained in paragraph 52 of plaintiff's Complaint.

53. Transcare denies the allegations contained in paragraph 53 of plaintiff's Complaint.

## COUNT IV
### (Failure to Accommodate – KRS Chapter 344)

54. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 53 of plaintiff's Complaint.

55. Transcare denies the allegations contained in paragraph 55 of plaintiff's Complaint.

56. Transcare denies the allegations contained in paragraph 56 of plaintiff's Complaint.

57. Transcare denies the allegations contained in paragraph 57 of plaintiff's Complaint.

58. Transcare denies the allegations contained in paragraph 58 of plaintiff's Complaint.

59. Transcare denies the allegations contained in paragraph 59 of plaintiff's Complaint.

## COUNT V
### (FMLA Interference/Retaliation)

60. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 59 of plaintiff's Complaint.

61. Transcare denies the allegations contained in paragraph 61 of plaintiff's Complaint.

62. Transcare denies the allegations contained in paragraph 62 of plaintiff's Complaint.

63. Transcare denies the allegations contained in paragraph 63 of plaintiff's Complaint.

64. Transcare denies the allegations contained in paragraph 64 of plaintiff's Complaint.

65. Transcare denies the allegations contained in paragraph 65 of plaintiff's Complaint.

## COUNT VI
### (Breach of Contract)

66. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 65 of plaintiff's Complaint.

67. Transcare denies the allegations contained in paragraph 67 of plaintiff's Complaint.

68. Transcare denies the allegations contained in paragraph 68 of plaintiff's Complaint.

69. Transcare denies the allegations contained in paragraph 69 of plaintiff's Complaint.

70. Transcare denies the allegations contained in paragraph 70 of plaintiff's Complaint.

71. Transcare denies the allegations contained in paragraph 71 of plaintiff's Complaint.

## COUNT VII
### (Tortious Invasion of Privacy)

72. Transcare incorporates as if fully rewritten herein its answers to paragraphs 1 – 71 of plaintiff's Complaint.

73. Transcare denies the allegations contained in paragraph 73 of plaintiff's Complaint.

74. Transcare denies the allegations contained in paragraph 74 of plaintiff's Complaint.

75. Transcare denies the allegations contained in paragraph 75 of plaintiff's Complaint.

76. Transcare denies the allegations contained in paragraph 76 of plaintiff's Complaint.

Transcare specifically denies the prayer for relief and demand for judgment set forth following paragraph 76 of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

77. The conduct about which plaintiff complains was not discriminatory or retaliatory.

78. Plaintiff did not fulfill the procedural prerequisites to filing his Complaint.

79. Plaintiff did not receive a Right to Sue Notice.

80. Plaintiff did not file his Complaint within 90 days of receipt of his Right to Sue Notice.

81. Plaintiff's Complaint fails to state claims upon which relief can be granted.

82. Plaintiff's Complaint is barred by the doctrines of waiver and unclean hands.

83. Any damage plaintiff suffered is a result of his own negligence and/or malfeasance.

84. Plaintiff failed to mitigate his damages.

85. Plaintiff's Complaint is barred by the applicable statutes of limitations.

86. Transcare was not plaintiff's employer and is not a proper party to this action.

87. Plaintiff is not a qualified individual with a disability.

88. Plaintiff did not have a record of a disability.

89. Plaintiff was not regarded as or perceived as disabled.

90. Plaintiff did not inform Transcare that he was disabled nor did he seek a reasonable accommodation for his alleged disability.

91. A drug test to determine current drug use is not a medical examination under the ADA.

92. Current users of illegal drugs are not individuals with disabilities under the ADA.

93. The ADA does not negate an employer's right to ensure that its workplace is free from the illegal use of drugs.

94. All decisions concerning plaintiff were made for legitimate, non-discriminatory business reasons, made in good faith and not because of any unlawful reason.

95. Plaintiff's claim for punitive damages is barred to the extent that it violates the U.S. and Kentucky Constitutions.

96. Transcare reserves the right to raise additional affirmative defenses subsequent to discovery.

97. Transcare denies each and every allegation not heretofore specifically admitted in this Answer.

**WHEREFORE**, having fully answered plaintiff's Complaint, Transcare prays that plaintiff's Complaint be dismissed in its entirety at plaintiff's cost, and order that plaintiff pay Transcare's reasonable attorney's fees and costs incurred in the defense of this action and grant such other and further relief as may be just and necessary.

**A JURY TRIAL IS DEMANDED**.

Respectfully submitted,

/s/Katherine C. Hart Smith
Katherine C. Hart Smith (OH0040374)
Hart Smith Law Office
1110 Key Building
159 South Main Street
Akron, Ohio 44308
(330) 252-8050
(330) 252-8051
katherine@hartsmithesq.com

Attorney for Defendant,
Transcare of Kentucky, Inc.

<u>CERTIFICATE OF SERVICE</u>

  I certify that I sent a copy of the foregoing Defendant's Answer to Plaintiff's Complaint to counsel for plaintiff, Randolph H. Freking, and counsel for defendants, St. Elizabeth Medical Center, et al., via the Court's electronic filing system to:

 randy@frekingandbetz.com

 bhoffer@dbllaw.com

            <u>/s/ Katherine C. Hart Smith</u>
            Katherine C. Hart Smith (OH0040374)